IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2005 DEC 21  A 11: 44

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CIVIL NO. L-05-1609 |
| ONE BREITLING DIAMOND WATCH, et al. | : |

## MEMORANDUM

Pending in this forfeiture case is the government's Motion for Stay of Proceedings ("Motion to Stay"). For the reasons stated below, the Court will, by separate Order, (i) DENY the government's motion, (ii) ORDER the government to provide public notice of the suit, and (iii) ORDER that, if Reginald McCray claims an interest in the property, his attorney shall, no later than January 17, 2006, advise the Court of his position regarding forfeiture.

**I.  Background**

During the execution of a search warrant on March 17, 2005, Baltimore County police officers seized a diamond bracelet watch and a diamond earring from Reginald McCray ("McCray"). On March 30, 2005, a grand jury indicted McCray for conspiring to possess with intent to distribute heroin. See Criminal No. L-05-0135. McCray pled guilty on October 18, 2005. He is scheduled to be sentenced on January 24, 2006.[1]

On June 14, 2005, the government filed the instant civil forfeiture action. The government alleges that the diamond watch and diamond earring were proceeds from McCray's drug sales and should, therefore, be forfeited to the United States. In the instant motion, the

---

[1] Although McCray's sentencing was originally scheduled for January 6, 2006, it was recently postponed to January 24, 2006.

government asks the Court to stay discovery in the forfeiture case until after the Court sentences McCray in January. The government proposes that it provide a status report to the Court approximately 60 days after McCray is sentenced, so that the parties have time after the sentencing to discuss a possible settlement of the forfeiture case.

**II.     Analysis**

The government's Motion to Stay is premature.[2] The government has not yet provided public notice of the forfeiture action, as required by Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. Accordingly, neither McCray nor any other potential claimant has participated in the case, a scheduling order has not issued, and discovery has not commenced.

The government shall provide public notice in accordance with Rule C. If McCray claims an interest in the property, it makes sense for the Court to discuss the forfeiture issue during his sentencing hearing. Accordingly, on or before January 17, 2006, McCray's attorney, Kenneth W. Ravenell, Esquire, shall file a letter stating whether McCray contests forfeiture. At the sentencing, the Court will hear from both sides and will establish a schedule for the case.

---

[2] In addition, the Court finds that the government's conclusory statements in its motion constitute little more than a perfunctory attempt to satisfy the two-part standard for entitlement to a stay. See United States v. Real Property at 6557 Ascot Drive, 2005 WL 927452, at *2 (N.D. Cal. April 21, 2005) (stating that to be entitled to a stay, the government must show that (i) a related criminal investigation or prosecution exists, and (ii) civil discovery in the forfeiture case will adversely affect the ability of the government to conduct its investigation in the criminal case); United States v. $357,311.68, 2004 WL 1834589, at *2 (N.D. Tex. Aug. 10, 2004) (same).

### III.  Conclusion

For the foregoing reasons, the Court will, by separate Order, (i) DENY the government's motion, (ii) ORDER the government to provide public notice of the suit, and (iii) ORDER that, if Reginald McCray claims an interest in the property, his attorney shall, no later than January 17, 2006, advise the Court of his position regarding forfeiture.

Dated this 21st day of December, 2005.

/s/ Benson Legg
Benson Everett Legg
Chief Judge